## UNITED STATES ex rel. GOTTLIEB et al. v. COMMISSIONER OF IMMIGRATION OF PORT OF NEW YORK.

(District Court, S. D. New York. March 3, 1922.)

**1. Aliens ⬤═46—Issuance and viséing of passport gave alien no vested rights as to admissibility.**

The issuance of a passport and the granting of a visé by the American consul before Act May 19, 1921, went into effect, gave alien immigrants no vested right to admissibility, where the quota allowed to their native land by such act had been exceeded long prior to their arrival.

**2. Aliens ⬤═46—Wife and children of resident minister excepted from quota provisions.**

Under Act May 19, 1921, § 2(d), excepting ministers of any religious denomination from the quota provisions of that act,. section 4, providing that it is in addition to the provisions of the immigration laws, and Act Feb. 5, 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), excepting ministers and their wives or children from the exclusion provisions of that act, a minister's wife and children, as well as himself, are excepted from the quota provisions.

Habeas corpus by the United States, on the relation of Gittel Gottlieb and another, against the Commissioner of Immigration of the Port of New York, or other person having the charge, custody, or control of the bodies of the relators. Relators discharged.

J. G. M. Browne, of New York City (B. E. Kopelman, of New York City, of counsel), for relators.

William Hayward, U. S. Atty., of New York City (John Holley Clark, Jr., and James C. Thomas, Jr., Asst. U. S. Attys., and John M. Lyons, all of New York City, of counsel), for respondent.

MACK, Circuit Judge. The relators are the wife and child of a resident of the United States who had declared his intention to become a citizen of the United States, and who, at the time of their arrival in this country, was the minister of a congregation at a salary of $2,000 per year. The sole ground of exclusion was that the quota allowed to their native land had been exceeded long prior to their arrival. The American consul had viséed their passports a few days after the Act of May 19, 1921, had been passed, and before it went into effect.

[1] 1. The issuance of the passport and the granting of the visé gave to the relators no vested rights. Under the law their admissibility depended upon the situation at the time of the arrival in this country. The language of the law is clear; the power of Congress in this respect is not questioned.

---

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] 2. The Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 959, 960, 4289¼a et seq.), is the controlling law. Section 4 of the Act of May 19, 1921, expressly provides that "the provisions of this act are in addition to and not in substitution for the provisions of the immigration laws." Under section 3 of the Act of February 5, 1917, neither ministers nor their legal wives or children under 16 who accompany them, or who subsequently apply for admission to the United States, are within the exclusion provisions. Under the Act of May 19, 1921, section 2(d), ministers of any religious denominations are excepted from the quota provisions.

The question before me is whether, fairly interpreted, the act of 1921 is to be construed so as to limit the exemption to ministers, or more broadly so as to include, as does the act of 1917, in express words, the legal wife or children, under 16 years of age, of a minister. In my judgment, the entire scope of the legislation prevents the narrow interpretation. The separation of a man from his family is concededly a great hardship and dangerous to the welfare of society. The reasoning of the Supreme Court in Holy Trinity Church v. U. S., 143 U. S. 457, 461, 12 Sup. Ct. 511, 36 L. Ed. 226, is applicable here. I believe that the act of 1921, interpreted in the light of the controlling Immigration Act of 1917, should be construed so as to include within the exceptions from the quota provisions the wife and children under 16 of a minister, as well as the minister himself. It is therefore unnecessary to pass upon the other contentions.

The relators will be discharged.